IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON T. O'NEIL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 20-319-RGA |
| | : |
| WARDEN BOBBY MAY, et al., | : |
| | : |
| Defendants. | : |

Jason T. O'Neil, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 30, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Jason T. O'Neil, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action on March 3, 2020, pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4, 8). Plaintiff requests counsel. (D.I. 7). I will screen the Complaint and Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (D.I. 2, 6).

## BACKGROUND

Plaintiff alleges violations of his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and his right to be free from cruel and unusual punishment under the Eighth Amendment. He raises four counts.

Count One alleges breach of contract of a settlement entered in *CLASI v. Coupe*, Civ. No. 15-688-GMS (D. Del.), a case that concerned solitary and other conditions of confinement and mental health treatment of inmates with mental health conditions. (D.I. 2 at 5). Plaintiff alleges that as of July 31, 2018, Defendants DOC and Connections[1] were non-compliant with the settlement and Plaintiff, who was one of the original 100 plaintiffs in *CLASI* suffered serious physical harm that required surgery due to Defendants' deliberate indifference, wanton infliction of pain, and intentional deprivation

---

[1] Connections is no longer the contract health care provider for the Delaware Department of Correction. A new health care provider began providing health care services to the DOC on April 1, 2020.

1

of treatment.[2] (*Id.*). Count Two alleges "negligence for the same reasons stated" in Count One. (*Id.* at 6).

Count Three alleges deliberate indifference to Plaintiff's serious medical needs, abdominal surgical issues, and mental health disorders when he was denied adequate treatment and suffered permanent injury. (*Id.*). Plaintiff explains that on August 13, 2019, he was on suicide watch and housed in the residential treatment unit, Building 21. (*Id.*). Plaintiff alleges that under the *CLASI* settlement agreement, the residential treatment unit in Building 21 was supposed to be temporary until the DOC increased bed space for mental health treatment at the JTVCC and the Delaware Psychiatric Center. (*Id.*). Plaintiff alleges that the DOC did not increase bed space and that Connections did not report nor object to the DOC's failure. (*Id.*). Plaintiff alleges that the ventilation system in Building 21 is filled with toxic black mold. (*Id.*).

He alleges that while on suicide watch and during an attempt at self-harm when he swallowed a paper clip, he and Defendant Mason Frazier had an "escalated" verbal exchange, Frazier declined to call the licensed mental health profession, and Frazier emptied a can of pepper spray at Plaintiff's face that caused permanent eye damage. (*Id.*).

---

[2] Plaintiff did not attempt to name the DOC or Connections as defendants in either the caption of the complaint or in the section that identifies Defendants. The "non-compliant" sentence is the only sentence in Count One that refers to the DOC and Connections.

Count Four alleges deliberate indifference to serious medical needs.[3] (D.I. 6). Plaintiff is a "swallower" of foreign objects. Plaintiff alleges that on March 12, 2020, he explained to Defendant Mental Health Director Dr. Paola Munoz that he ingested foreign objects and he was placed PCO (*i.e.*, psychiatric close observation) after weeks of begging for medication to curb cravings for pain medication. Plaintiff alleges that Dr. Munoz has a duty to protect Plaintiff from himself. (*Id.* at 2)

On March 15, 2020, Plaintiff's abdomen was x-rayed and it revealed a piece of metal (which Plaintiff identifies as a radio antenna). (*Id.* at 2). A second x-ray was taken on March 18, 2020 and it showed that the metal had not moved. (*Id.* at 3). Plaintiff alleges that Defendants Dr. Jordan, Dr. Adith, and Dr. Araziack informed him of a new policy for "swallowers." (*Id.*). Inmates who swallow foreign objects are not sent to the hospital unless it is a life threatening matter; instead, an inmate is x-rayed weekly to monitor the object. (*Id.*). Plaintiff, who has had numerous surgeries after swallowing foreign objects, alleges this new policy places him at risk of death. (*Id.*).

Plaintiff continues on PCO status. (*Id.*). He alleges that since March 12, 2020, he has been in severe pain, has blood in stool, has non-stop vomiting, high fevers, high and low blood pressure, and high heart rates. (*Id.*). Plaintiff alleges that the health care providers are placing his life in danger. (*Id.*).

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief (including surgery to remove the metal object) and declaratory relief. (*Id.* at 11).

---

[3] I consider Count Four to consist of those allegations raised in the Amended Complaint. (D.I. 6 at 1-3).

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim

4

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Personal Involvement**. The caption of the complaint lists Dr. Robin Belcher-Timmey and, under the "Defendant Information" section, identifies Dr. Belcher as the supervisor of mental health. (D.I. 2 at 4).

It appears that Dr. Belcher was named as a defendant based upon her supervisory position. As is well known, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Notably, there are no allegations directed towards Dr. Belcher-Timmey or facts that refer to her.

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff provides no facts as to how Dr. Belcher-Timmey violated his constitutional rights, that she expressly directed the deprivation of his constitutional rights, or that she created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Accordingly, she will be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Counts One and Two**.   Plaintiff alleges breach of a settlement agreement in the *CLASI* case.  He alleges breach of contract by Defendants.  Plaintiff alleges that the DOC and Connections, neither of whom are named defendants, were non-compliant with the settlement agreement.  The Court takes judicial notice that the two DOC defendants named in this action – Warden Bobby May and Frazier – were not named defendants in the *CLASI* action making it impossible for either to breach the settlement agreement.

In addition, even had Plaintiff named the DOC and Connections as defendants, the claim fails.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  (See D.I. 1 at 2).  A breach of the settlement agreement cannot serve as the basis of a § 1983 claim.  *See Walsifer v. Borough of Belmar*, 262 F. App'x 421, 426 (3d Cir. 2008) (Defendants' violation of the stipulation of settlement cannot serve as the basis of a § 1983 claim).  For these reasons,  I will dismiss Counts One and Two as legally frivolous.

**Counts Three and Four**.  Plaintiff has alleged what appear to be cognizable claims under the Eighth Amendment against Frazier (excessive force), and Drs. Jordan, Araziack, Adith, and Munoz (deliberate indifference to serious medical needs).  He will be allowed to proceed on these claims.

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that an attorney would better present his claims, he is disabled under SSI guidelines, factual investigation is required, he does not have the ability to retain counsel on his behalf, the case will required credibility

determinations and/or expert testimony; and an attorney could obtain needed documents through discovery. (D.I. 7).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4]  See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time.  This case is in its early stages and the parties have not yet been served.  Plaintiff adequately pled claims against several defendants and, at this time it is far from clear that counsel is necessary.  Accordingly, the Court will revisit the issue should counsel become necessary.  The request for counsel will be denied without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will:  (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 7); (2) dismiss Counts One and Two as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (3) dismiss Bobby May and Dr. Robin Belcher-Timmey as the claims against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (4) allow Plaintiff to proceed on Counts Three and Four against Corporal Frazier, Dr. Jordan, Dr. Araziack, Dr. Adith, and Dr. Munoz.

An appropriate Order will be entered.