IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON T. O'NEIL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-319-RGA |
| DR. JORDAN CUNNINGHAN, et al., | : |
| Defendants. | : |

**MEMORANDUM**

At Wilmington, this __11__ day of June, 2021, having reviewed this matter and considered the pending motions (D.I. 14, 15, 16, 17, 18, 26, 29, 33) the Court finds as follows:

1. **Background**. Plaintiff Jason T. O'Neil, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. As of April 19, 2021, all proceedings against Connections Community Support Programs, Inc. and its employee(s) were stayed pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). (*See* D.I. 35).

2. **Motion to Extend Time for Discovery**. Plaintiff seeks additional time to conduct discovery. (D.I. 14). The motion will be be dismissed as premature, as a scheduling and discovery order has not yet been entered.

3. **Requests for Counsel**. Plaintiff previously sought counsel. His request was denied without prejudice to renew on November 30, 2020. (D.I. 13). Since then

he has filed several requests for counsel. (D.I. 14, 18, 29, 33). Plaintiff seeks counsel on the grounds that he no longer has help from another inmate (D.I. 14); the medical issues are complex, documents are needed, and he is disabled (D.I. 18); and he is mentally ill (D.I. 29, 33). Plaintiff submitted documents to support his claim of mental illness. In light of the submissions, the Court addresses whether Plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and considers his request for counsel.

4. The district court has a responsibility to inquire *sua sponte* under Fed. R. Civ. P. 17(c)(2), whether a *pro se* litigant is incompetent to litigate his action and therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. *Powell v. Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012). Rule 17(c)(2) provides, "The court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action."

5. Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity," but "if there has been a legal adjudication of incompetence and that is brought to the court's attention, the Rule's provision is brought into play." *Id.*

2

The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court.  *Id.* at 303.

6. In support of his requests for counsel, Plaintiff submitted a July 15, 2012 Order entered by the Superior Court of the State of Delaware in and for New Castle County for diagnostic testing of Plaintiff's brain including an EEG and a PET scan.  (D.I. 34 at 1- 7).  He also provided the Court with a September 9, 2012 Neuropsychological Assessment (*id*. at 8-23); a December 10, 2012 Forensic Mental Health Examination (*id*. at 39-55), and a 2013 Forensic Mental Health Examination (*id*. at 24-37).  The evidence suffices to place the Court on notice that Plaintiff is possibly incompetent.  Thus, the Court examines the record in connection with Plaintiff's competency, pursuant to Rule 17(c).

7. Plaintiff has an extensive psychiatric history.  Plaintiff provided a Court Order for diagnostic testing of brain, but did not submit test results for the EEG or the PET scan.  A September 9, 2012 Neuropsychological Assessment was conducted upon request of Plaintiff's defense attorney in Plaintiff's criminal case.  (D.I. 34 at 8).  It assessed Plaintiff's cognitive, motor, behavioral, language, executive functioning, and emotional functioning.  (*Id.*).  The licensed psychologist found that Plaintiff did not present with any significant impediments to his competency to proceed to trial.  (*Id*. at 18).

8. A December 10, 2012 Forensic Mental Health Examination was conducted by a licensed psychologist pursuant to an October 11, 2012 Court Order. (*Id*. at 39).  The purpose of the exam was to provide the Court with information relevant to Plaintiff's mental state at the time of his offense.  The psychologist stated that he did

3

not believe Plaintiff suffered from any disorder that would have substantially disturbed his thinking, feeling or behavior at the time of his alleged offense.   (*Id*. at 55).   He opined that Plaintiff's actions at the time of the offense can be more readily ascribed to his generally antisocial personality style than to a mental illness.   (*Id*.).   The psychologist concluded that based upon available evidence that Plaintiff's mental state at the time of his alleged offense was not consistent with the mental state required for a finding of guilty but mentally ill.   (*Id*.).

9.   A 2013 Forensic Mental Health Examination was made while Plaintiff was housed at the Delaware Psychiatric Center in January and February 2013.   (*Id*. at 24).   The licensed psychologist concluded that Plaintiff likely meets the criteria for Attention-Deficit/Hyperactivity Disorder and exhibits a number of antisocial personality features.   (*Id*. at 34, 36).   The licensed psychologist recommended that Plaintiff return to the Department of Correction for continued care.   (*Id*. at 24).

10.   The medical evidence is not current.   It is eight to nine years old.   Notably, there were no findings of incompetency by the three licensed psychologists who examined him.   For these reasons, the Court finds that the medical evidence of record is insufficient to support a finding of incompetency.

11.   Plaintiff has previously filed two cases in this Court.   His litigation history indicates he is able to adequately represent himself.   In the instant case, he has filed numerous motions and his Complaint was adequately pled to allow him to proceed against several defendants.

12.   The Court has considered the medical evidence of record in conjunction with its own experience with Plaintiff, and finds that the evidence does not support a

finding of incompetency.   Inasmuch as there is no substantial question regarding the competence of Plaintiff, it is not necessary to conduct a "full blown" Rule 17(c) competency hearing.   For the above reasons, the Court finds that it is unnecessary to appoint a guardian or counsel to represent Plaintiff's interests.

13. The Court now turns to Plaintiff's requests for counsel.   A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.   See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

14. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.   Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.   The list is not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d at 157.

15.     I have reviewed the docket in this case as well as Plaintiff's filings. Throughout, Plaintiff has ably represented himself in this matter.   He has filed numerous motions and adequately responded to a pending motion to dismiss.   Upon consideration of the entire record, I have concluded that counsel is not necessary at this time.   Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew

16.     **Motions to Amend**.   Plaintiff has filed several motions to amend.   (D.I. 15, 17, 26).   The motions to amend all concern claims raised against Connections' employees.   As noted, all proceedings in which they are involved are stayed.   Therefore, the motions will be dismissed without prejudice to renew upon the lifting of the stay.

17.     **Motion for Injunctive Relief**.   Plaintiff seeks injunctive relief.   (D.I. 6). He asserts retaliation by medical defendants for refusal to treat his medical needs and asks the Court to enter an order to be treated by a different physician and to keep a nurse away from him.   (*Id*.).   The motion raises issues regarding medical Defendants. Again, all proceedings in which they are involved are stayed.   Therefore, the motion will be dismissed without prejudice to renew upon the lifting of the stay.

18.     **Voluntary Dismissal**.   Plaintiff's notice of voluntary dismissal of Defendant Dr. Emilia Adah is construed as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41.   (D.I. 28).   The motion will be granted and Dr. Adah will be dismissed as a defendant.

19.     **Conclusion**.   For the above reasons, the Court will:   (1) dismiss as premature Plaintiff's motion for an extension of time for discovery (D.I. 14); (2) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 14, 18, 29, 33); (3) dismiss without prejudice to renew upon lifting of the stay Plaintiff's motions to amend (D.I. 15, 17, 26) and motion for injunctive relief (D.I. 16; and (4) grant Plaintiff's motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41.   (D.I. 28).   An appropriate order will be entered.

                                                                                 __/s/ Richard G. Andrews_____
                                                                                 UNITED STATES DISTRICT JUDGE

Dated:   June 11, 2021
            Wilmington, Delaware