IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON T. O'NEIL, | ) | |
|     Plaintiff, | ) | C.A. No. 20-319 LFR |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE DEPARTMENT | ) | |
| OF CORRECTION, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

**IT IS SO ORDERED** this __8th__ day of __September__, 2023, that the Defendants' Motion to Enforce Settlement Agreement in the above matter is **GRANTED**.

_LFR_
_____
The Honorable L. Felipe Restrepo

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON T. O'NEIL, | ) | |
|     Plaintiff, | ) | C.A. No. 20-319 LFR |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE DEPARTMENT | ) | |
| OF CORRECTION, *et al.*, | ) | |
|     Defendants. | ) | |

**MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Defendant Delaware Department of Correction and Defendant Mason Frazier (collectively, "Defendants"), respectfully move this Honorable Court for an order enforcing the settlement agreement reached between Defendants and Plaintiff Jason T. O'Neil ("Plaintiff"). In support of this motion, Defendants assert as follows:

**Background**

1.      On March 3, 2020, Plaintiff filed his initial complaint. (D.I. 2, at 5). On February 25, 2022, Plaintiff amended his complaint. (D.I. 47).

2.      On September 23, 2022, the parties sent a joint letter to this Court requesting referral of this case to a Magistrate Judge for mediation of a possible settlement. (D.I. 73).

3.      On November 10, 2022, the parties were notified that the case was referred for mediation to Magistrate Judge Craig M. Straw of the United States District Court for the Eastern District of Pennsylvania.

4.      On December 15, 2022, the parties held a settlement conference before Judge Straw.

5.      On February 22, 2023, the parties held a second settlement conference before Judge Straw.

1

6.	On March 7, 2023, the parties held a third settlement conference before Judge Straw.

7.	On March 16, 2023, the parties held a final settlement conference before Judge Straw, wherein the parties agreed on the record to a settlement agreement. (Exhibit A, at p. 3-9).

**Discussion**

8.	This Court has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it. *Leonard v. University of Delaware*, 204 F. Supp. 784, 787 (D. Del. 2002) (citations omitted).  An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. *Green v. John H Lewis & Co.*, 436 F.2d 389,390 (3d Cir. 1970) (citations omitted).  To enforce the Settlement Agreement, this Court must determine whether the settlement agreement at issue is an enforceable contract under Delaware law. *Leonard*, 204 F. Supp.2d at 787. "Under Delaware law a contract 'comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms.'" *Id*.  Stated another way, there is an enforceable contract if the parties have reached a definite agreement on all essential terms. *Id*.

9.	Here, all essential terms were read in court and agreed to on the record by all parties before Judge Straw.  The agreement is binding on the parties.  Thus, Defendant is entitled to enforcement of the settlement agreement.

**Conclusion**

Defendants respectfully request that its motion to enforce the Settlement Agreement be granted.  A proposed Order is attached.

2

                        **STATE OF DELAWARE**
                        **DEPARTMENT OF JUSTICE**

*/s/ Andrew R. Fletcher*
Andrew R. Fletcher, ID #6612
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Andrew.fletcher@delaware.gov
*Attorney for Defendants*

Dated: June 23, 2023